## 77075. ALDRIDGE v. THE STATE.
(374 SE2d 223)

SOGNIER, Judge.

Glenn Aldridge was convicted of escape and second degree criminal damage to property on August 13, 1985. He moved on March 19, 1986, for permission to file an out-of-time appeal on the ground that his trial counsel had failed to file an appeal after being asked to do so, and the trial court granted his motion the same day. Appellant then filed a notice of appeal pro se together with a motion for appointment of counsel on June 5, 1986. The State immediately moved to dismiss the appeal as untimely, and the trial court granted the motion on June 10th. Subsequently, the lower court appointed counsel for appellant on December 4, 1986, and this appeal was docketed on May 11, 1988, after certification of delay in transcript preparation by the superior court clerk. Appellant, through appointed counsel, timely filed a brief addressing the merits of his appeal, and in response the State renewed its contention that the appeal should be dismissed as untimely filed.

Although OCGA § 5-6-38 (a) provides that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of," a criminal defendant may be permitted to file an out-of-time appeal when trial counsel fails to file an appeal despite being requested to do so. *Williams v. Hopper*, 243 Ga. 475 (254 SE2d 854) (1979). Thus, the trial court was authorized to grant appellant's motion for an out-of-time appeal. Nevertheless, appellant's subsequently-filed notice of appeal was untimely because it was filed seventy-eight days after entry of the order allowing his out-of-time appeal. OCGA § 5-6-39 (c) permits only one extension of time for filing a notice of appeal, and states further that "the extension shall not exceed the time otherwise allowed for the filing of the notices initially." Appellant never requested an additional extension of time, nor was the trial court authorized to grant more time. Accordingly, appellant's appeal is dismissed as untimely filed. See OCGA § 5-6-48 (b) (1); see generally *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978); *Willis v. State*, 186 Ga. App. 197 (366 SE2d 778) (1988).

*Appeal dismissed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 6, 1988.

*W. Jefferson Hires*, for appellant.
*Glenn Thomas, Jr., District Attorney, Stephen D. Kelley, Assistant District Attorney*, for appellee.