## A99A0780. BODIFORD v. THE STATE.
### (517 SE2d 356)

McMurray, Presiding Judge.

Pursuant to an order granting an out-of-time appeal, Roderick T. Bodiford appeals several convictions, including convictions for possession of cocaine and possession of marijuana with intent to distribute. We are unable to reach the merits of this case, however, because we lack jurisdiction.

> It is the duty of this Court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.

*Zachery v. State*, 233 Ga. App. 519 (504 SE2d 466) (1998). Because Bodiford failed to timely file his notice of appeal, the appeal must be dismissed.

On September 17, 1997, following an application for a writ of habeas corpus, Bodiford obtained from the Superior Court of Chat-

tooga County an order granting him an out-of-time appeal. Bodiford, through appointed counsel, filed his notice of appeal in the Superior Court of Mitchell County, the county of his conviction, 160 days later on February 24, 1998.

Upon obtaining from a habeas court an order granting an out-of-time appeal of his complained of conviction and sentence, the petitioner has "30 days to pursue post-conviction remedies." *Ponder v. State*, 260 Ga. 840, 842 (1) (400 SE2d 922) (1991). When a habeas court grants a petitioner an out-of-time appeal, "[t]hat places the petitioner in the same posture with the same rights as a defendant who is successful in seeking an out-of-time appeal from the trial court." Id. Thus, if the petitioner elects to directly appeal from his complained of conviction and sentence instead of pursuing a motion for new trial, he must file a notice of appeal with the trial court in the county of his conviction within 30 days of the order granting the out-of-time appeal. OCGA § 5-6-38 (a). See *Rowland v. State*, 264 Ga. 872, 876 (2) (452 SE2d 756) (1995); *Aldridge v. State*, 188 Ga. App. 729 (374 SE2d 223) (1988). If he fails to file the notice of appeal within the 30-day period, the appeal is untimely and must be dismissed. Id. Because the notice of appeal in the case sub judice was filed beyond the 30-day period, Bodiford's appeal is untimely and must be dismissed. Id.

It does not appear that Bodiford was informed in the habeas corpus court that he had 30 days to pursue his post-conviction remedies. "While an out-of-time appeal may afford a remedy, it can be a meaningful remedy only if the defendant is aware of his right to an out-of-time appeal and how to exercise it." (Emphasis omitted.) *Reese v. State*, 216 Ga. App. 773, 774 (456 SE2d 271) (1995). Whether Bodiford is entitled to another out-of-time appeal is a factual determination that must be taken up in the trial court upon a proper motion. See *Randolph v. State*, 220 Ga. App. 769, 771 (1) (470 SE2d 300) (1996).

In accordance with *Rowland v. State*, supra, defendant Bodiford is hereby informed of the following: Your appeal has been dismissed because of a failure to file a notice of appeal timely. If you decide that you no longer wish to appeal your convictions, you need not do anything more. However, if you still want to appeal, you may file a request for an out-of-time appeal in the trial court.

If, upon your application for out-of-time appeal, it be established to the trial court's satisfaction that the appellate procedural deficiency was due to appellate counsel's failure to perform routine duties, you are entitled to an out-of-time appeal. The trial court should appoint another attorney for you if you cannot pay for one. If the trial court grants an out-of-time appeal, you will have 30 days from the grant in which to file a notice of appeal. If the trial court

denies your request for an out-of-time appeal, you may appeal that denial to this Court within 30 days of the trial court's decision.

The Clerk of the Court of Appeals of Georgia is directed to send a copy of this opinion to defendant Bodiford, as well as to defendant Bodiford's current appellate counsel with direction that appellate counsel also send a copy of the opinion to defendant Bodiford. *Zachery v. State*, 233 Ga. App. at 522, supra.

*Appeal dismissed. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 4, 1999 —
RECONSIDERATION DENIED JUNE 11, 1999.

*Ernie M. Sheffield*, for appellant.

*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney*, for appellee.