## S03A1594. CODY v. THE STATE.
(592 SE2d 419)

BENHAM, Justice.

Appellant was sentenced to life imprisonment after being convicted of felony murder, with the underlying felony being aggravated assault, in connection with the death of Clarence Weaver. His appeal from that conviction was filed in this Court.

> It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. [Cit.] The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court. [Cit.] OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days after entry of the judgment complained of, or within 30 days after the entry of the order finally disposing of a motion for new trial.

(Citation and punctuation omitted.) *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995).

In the case at bar, the trial court denied appellant's motion for new trial in an order filed May 26, 1999. No notice of appeal was filed within 30 days of that order, but appellant was granted an out-of-time appeal on March 26, 2002. An out-of-time appeal is a judicial creation that provides a remedy for the loss, occasioned by error of counsel, of a criminal defendant's right of appellate review of his conviction. Id. at 875. The grant of an out-of-time appeal is "permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal." *Ponder v. State*, 260 Ga. 840, 841 (1) (260 SE2d 840) (1991). A defendant granted an out-of-time appeal who wishes to pursue post-conviction relief in the appellate courts has 30 days from the grant to file a notice of appeal to the appellate court with subject-matter jurisdiction. *Rowland v. State*, supra, 264 Ga. at 876; *Bodiford v. State*, 238 Ga. App. 531 (517 SE2d 356) (1999).[1]

Appellant did not file a notice of appeal within 30 days of the order granting him the out-of-time appeal. Instead, appellant filed a pro se motion for out-of-time appeal which the trial court denied on March 4, 2003, because it was redundant of the motion for out-of-time appeal already granted. The trial court's March 4 order also ordered appellant to file a notice of appeal by April 1, 2003. Appellant filed a notice of appeal on March 20, within the deadline set by

---

[1] In essence, "the grant of an out-of-time appeal is the functional equivalent of the entry of a judgment." *Fairclough v. State*, 276 Ga. 602, 603 (1) (581 SE2d 3) (2003).

the trial court.

A trial court may grant an appellant an extension of time in which to file a notice of appeal (OCGA § 5-6-39 (a) (1)), but only one extension may be granted and it "shall not exceed the time otherwise allowed for the filing of the notices initially." OCGA § 5-6-39 (c). The trial court's order requiring appellant to file a notice of appeal by April 1 effectively granted appellant an 11-month extension of time in which to file the notice of appeal. However, the trial court was without statutory authorization to grant an extension of time in excess of that permitted by OCGA § 5-6-39 (c). *Aldridge v. State*, 188 Ga. App. 729 (374 SE2d 223) (1988); *Parker v. State*, 156 Ga. App. 299, 300 (274 SE2d 694) (1980). See also *Colbert v. State*, S02A1900 (9/16/02) (appeal dismissed as untimely because trial court lacked authority to enter an order extending time in which appellant could appeal the denial of the motion for out-of-time appeal) (unpublished order); *Moore v. State*, S01A0555 (1/19/01) (trial court's order granting out-of-time appeal and giving appellant 60 days to file notice of appeal vacated because trial court not authorized to grant appellant 60 days in which to file notice of appeal) (unpublished order).

Inasmuch as the notice of appeal was not timely filed, the appeal must be dismissed. Since appellant is a represented criminal defendant whose appeal suffers a procedural deficiency that has deprived him of the right of appellate review of the judgment of conviction, he has the option of applying for an out-of-time appeal in the court of conviction and filing a notice of appeal within 30 days of the order granting or denying his motion. *Rowland v. State*, supra, 264 Ga. at 875.

*Appeal dismissed. All the Justices concur.*

DECIDED FEBRUARY 2, 2004.

*Eldridge Suggs IV*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.