A06A0936. HOOD v. THE STATE.
(638 SE2d 807)

BARNES, Judge.

Edward Hood appeals his convictions for armed robbery, kidnapping, two counts of felony obstruction of a peace officer and two counts of misdemeanor obstruction of a peace officer.[1] Hood contends that the trial court erred by giving an erroneous charge to the jury concerning the level of certainty as a factor in eyewitness identification and by finding that his defense counsel was not ineffective.[2] As discussed below, the allegations concerning the effectiveness of Hood's defense counsel are not properly before us and we find no merit to his contention regarding the charge on identification. Accordingly, the trial court's judgment is affirmed.

Viewed in support of the verdict, the evidence shows that Hood was charged with robbery at a service station. At the station, with his face covered with a ski mask, Hood encountered a clerk outside the building, pointed a handgun at the clerk, and ordered her to go inside

---

[1] Hood was also charged with the possession of a firearm count, but the count was dismissed by the State.

[2] Hood alleges that his counsel was ineffective because he: (a) advised Hood not to testify; (b) stated in closing argument that Hood did not have to testify and incriminate himself; (c) failed to obtain a certified copy of a conviction with which to impeach the only witness who gave direct testimony against Hood; (d) withdrew requests to charge concerning lesser included offenses without consulting with Hood; (e) failed to object when the trial court refused to answer a question posed by the jury; (f) failed to object to references to Hood's alleged future dangerousness; and (g) failed to object to Hood's absence when the statutory oath and venire oath were given to the jury.

the building or he would kill her. He demanded and received the cash from the money box and cash registers.

When he departed the store, a witness saw him remove his ski mask and drive away in a van. A passenger in Hood's van testified that Hood had the gun, which was identified by the clerk as the weapon used in the robbery, that Hood hurriedly left the service station, and that he drove away at a high rate of speed. The police pursued the van, and when Hood was later apprehended at a police roadblock, he had the handgun, a ski mask, and $445 in cash. During his apprehension, Hood fought with the officers.

1. " 'It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.' (Citations and punctuation omitted.) *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995)." *Jordan v. State*, 247 Ga. App. 551, 552 (1) (544 SE2d 731) (2001). In this appeal, the timing of Hood's notice of appeal and the later-filed motions for new trial raise questions concerning our jurisdiction over the issue of ineffectiveness of counsel.

The record shows that Hood was convicted on August 6, 2003. His trial defense counsel filed a timely motion for new trial on August 13, 2003, asserting only that the trial court had committed reversible errors and reserving the right to file an amended motion. The trial court then published orders establishing a briefing schedule for the motion for new trial.

The defense counsel sent a letter to the court, dated September 28, 2003, stating that Hood had indicated his intent to discharge this counsel, and later on October 16, 2003, filed a motion to withdraw as counsel. Nevertheless, also on October 16, 2003, this attorney filed an amended motion for new trial, but then on November 12, 2003, filed a motion to strike both the motion for new trial and the amended motion for new trial that he had previously filed.

The November 12 motion explained that counsel had misconstrued Hood's desire to retain him on appeal. Attached to the motion was a letter from counsel to Hood informing him that the attorney would be filing the motion to withdraw the "brief." Hood later acknowledged that he "dismissed" his attorney.

On November 14, 2003, the clerk filed a letter from Hood, dated November 10, 2003, requesting an extension of time because he did not have an attorney and that he wanted to retain the issues asserted by his former attorney and add new issues, including an allegation that his defense counsel was ineffective. Then, on December 1, 2003, the trial court published an order granting the defense counsel permission to withdraw and striking the motion for new trial, the amended motion for new trial, and the brief in support of the motion from the record. Under OCGA § 5-6-38 (a), Hood had 30 days from the

date this order was filed in which to file a notice of appeal. *Cody v. State*, 277 Ga. 553 (592 SE2d 419) (2004). He did not.

On February 6, 2004, however, the trial court granted Hood's pro se motion for an out-of-time motion for new trial. See *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653) (1993). Although the record does not show that any such motion was filed, the order refers to a hearing on a habeas corpus petition filed by Hood at which the motion was apparently made. No transcript of that hearing is included in this record.

Even though the trial court's order gave Hood until March 15, 2004, to retain new counsel and file a motion for new trial, a trial court has no authority to grant an extension of time in which to file a motion for new trial. OCGA § 5-6-39 (b); *Porter v. State*, 271 Ga. 498, 499 (521 SE2d 566) (1999).[3] Consequently, after the grant of permission to file an out-of-time motion for new trial, Hood had only 30 days in which to either file a notice of appeal or a motion for new trial,[4] *Rowland v. State*, supra, 264 Ga. at 876 (2), notwithstanding the trial court's order. See OCGA § 5-6-39 (c); *Cody v. State*, supra, 277 Ga. at 554; *Hughes v. State*, 210 Ga. App. 833 (437 SE2d 841) (1993); *Hamby v. State*, 162 Ga. App. 348 (291 SE2d 724) (1982).

Hood, pro se, filed a notice of appeal on March 5, 2004. As this notice of appeal was filed within 30 days of the trial court's order granting Hood an out-of-time motion for new trial, it was timely filed and sufficient to confer appellate jurisdiction upon this court, but only over issues which could have been raised directly from the judgment of conviction and sentence. *McCulley v. State*, 273 Ga. 40, 44 (4) (537 SE2d 340) (2000).[5]

Hood, still pro se, then filed a motion for new trial on March 12, 2004,[6] contending among other issues that his defense counsel was ineffective. This motion, filed more than 30 days after the grant of permission to file an out-of-time motion for new trial and after Hood had filed a notice of appeal, however, is a nullity.[7]

---

[3] The same result would obtain even if we were to consider the trial court's order as a grant of an extension in which to file a notice of appeal. *Cody v. State*, supra, 277 Ga. at 554.

[4] The trial court stated that it was granting Hood "an out-of-time appeal basically."

[5] If we were to deem this notice of appeal ineffective, as suggested by Hood's appellate counsel, that would mean that the entire appeal was untimely because neither the notice of appeal nor the motion for new trial would have been filed within 30 days of the order granting the out-of-time appeal.

[6] Although Hood attempted to file the motion for new trial earlier, it was returned to him by the clerk of court because he had not signed the motion.

[7] Additionally, this motion does not qualify as an extraordinary motion for new trial as it does not show some good reason why the motion was not made within the 30-day period after the grant of the out-of-time appeal. See OCGA § 5-5-41 (a); *Porter v. State*, supra, 271 Ga. at 499.

> A notice of appeal divests the trial court of jurisdiction to alter a judgment while appeal of that judgment is pending. *Chambers v. State*, 262 Ga. 200 (1) (415 SE2d 643) (1992). Thus, the trial court in this case was without jurisdiction to entertain [Hood]'s motion for new trial. Id. Therefore, the order denying a new trial is a nullity, as is his [subsequent] notice of appeal from that order. See *McCulley v. State*, [supra, 273 Ga. at 44 (4)]. Consequently, this Court must limit its consideration on appeal to those enumerations of error which could have been raised directly from the judgment of conviction and sentence. Id.

*Peterson v. State*, 274 Ga. 165, 171 (6) (549 SE2d 387) (2001).

Subsequently, Hood retained counsel for his appeal, and his appellate counsel filed an amended motion for new trial on June 25, 2004. Although, on July 2, 2004, the trial court denied the motion for new trial that Hood filed pro se on March 12, 2004, the court, in the exercise of its discretion, decided to consider the grounds asserted in the motion filed by Hood's appellate counsel even though the amended motion was not filed within the time prescribed in the trial court's February 6, 2004 order. Appellate counsel also filed amendments to this motion on July 23, 2004, and August 13, 2004. After a hearing, the court denied the motion and amended motions on December 15, 2004. This order was not filed, however, until December 20, 2004, at 4:38 p.m. On December 20, 2004, at 1:40 p.m., counsel filed another notice of appeal from the order dated December 15, 2004.

For the reasons just stated, Hood's motion, his counsel's amendments thereto, and the trial court's rulings on the motions and amendments are nullities. *Peterson v. State*, supra, 274 Ga. at 171 (6). Although the trial court might, in other circumstances, have authority to consider these motions if the original motion had been timely filed, it had no discretion to exercise in this instance because the motion was not timely filed and thus nothing existed to amend.

Further, although in other circumstances it might be appropriate for this court to remand the case to the trial court to consider the allegations of ineffectiveness of counsel, see *McCulley v. State*, supra, 273 Ga. at 44 (4), in this case such a remand is not authorized because Hood waived the issue when he filed his notice of appeal without filing a motion for new trial asserting that his trial defense counsel was ineffective.

This issue is controlled by our Supreme Court's decisions in *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996); *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991); and *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991). In *Ponder*, the court held that

[t]he proceeding in which an out-of-time appeal is sought is the proper time to raise the issue of ineffective assistance of counsel. . . . [T]he grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing.

*Ponder v. State*, supra, 260 Ga. at 841-842. Then in *White v. Kelso*, supra, 261 Ga. at 32-33, the court held that "[n]ew counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review," and that a "pro se petitioner is in a position similar to that of new counsel." Thus, when Hood discharged his defense counsel and started to represent himself by first filing his habeas corpus petition, moving for an out-of-time motion for new trial, and filing his notice of appeal, pro se, he became the new counsel who was required to raise this issue at the earliest possible moment. Consequently, by filing a notice of appeal without first raising the issue of his trial defense counsel's ineffectiveness, he waived this issue, id.; *Ponder v. State*, supra, 260 Ga. at 841-842, and remand is not authorized. *Glover v. State*, supra, 266 Ga. at 184. Moreover, the record shows that as early as November 14, 2003, Hood knew that he intended to raise the issue of his defense counsel's effectiveness because he so informed the court in his letter of that date.

In these circumstances, we cannot consider any of Hood's allegations concerning the effectiveness of his trial defense counsel because he failed to raise this issue at the earliest opportunity, *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988), and a remand is not warranted.

2. The only error properly before this court is Hood's allegation that the trial court erred by giving an erroneous charge that the jury could consider the witness's level of certainty as one of the factors in deciding whether the witness's identification of Hood was reliable. See *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005). The record shows, however, that Hood did not object to the giving of this charge in the trial court and did not enumerate this error in his original brief filed with this court before the remand. His defense counsel did not reserve his objections, and his only objections did not address this

issue. Thus, any objection to this charge was waived. *Jones v. State*, 280 Ga. App. 287, 291 (4) (633 SE2d 806) (2006); *Waddell v. State*, 277 Ga. App. 772, 778 (5) (627 SE2d 840) (2006).

Further, in *Brodes*, the only evidence linking Brodes to the crime was the testimony of two victims who identified him as the person who robbed them. In this case, a passenger in Hood's van, who obviously knew Hood, testified that Hood had the gun used in the robbery and hurriedly fled the scene of the robbery. Later, when Hood was apprehended he had the gun, a ski mask, and $445 in cash. Thus, in light of all the evidence connecting Hood with the crime apart from the eyewitness identification, the portion of the trial court's charge concerning the "level of certainty" language was harmless because it is highly probable that the error did not contribute to the judgment. *Waddell v. State*, supra, 277 Ga. at 778-779 (5); *Dunson v. State*, 275 Ga. App. 515, 517 (2) (621 SE2d 525) (2005).

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 9, 2006 —

*Brian Steel*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Robert A. Rogers, Assistant District Attorney*, for appellee.