## A06A0936. HOOD v. THE STATE.

(666 SE2d 674)

BARNES, Chief Judge.

This is the second appearance of this case before this court. In the first appearance, *Hood v. State*, 282 Ga. App. 350 (638 SE2d 807) (2006) (*Hood I*), we found that we lacked jurisdiction to consider Edward Hood's allegations concerning the effectiveness of his defense counsel because he failed to raise them in the trial court at the first opportunity, id. at 351-354 (1), and found that Hood failed to object to the trial court's charge on certainty of identification and thus waived his right to argue it on appeal. Id. at 354-355 (2); see *Jones v. State*, 280 Ga. App. 287, 291 (4) (633 SE2d 806) (2006).

Following the grant of certiorari, however, our Supreme Court reversed our disposition in Division 1, and remanded the case to us to address Hood's claims that his defense counsel was ineffective. *Hood v. State*, 282 Ga. 462, 466 (651 SE2d 88) (2007) (*Hood II*).

Hood was convicted of armed robbery, kidnapping, two counts of felony obstruction of a peace officer and two counts of misdemeanor obstruction of a peace officer. He contends that the trial court erred by finding that his defense counsel was not ineffective.

As set forth in *Hood I*, and viewed in support of the verdict, the evidence shows that Hood was charged with robbery at a service station. At the station, with his face covered with a ski mask, Hood encountered a clerk outside the building, pointed a handgun at the clerk, and ordered her to go inside the building or he would kill her. He demanded and received the cash from the money box and cash registers. When he departed the store, a witness saw him remove his ski mask and drive away in a van. A passenger in Hood's van testified that Hood had the gun, which was identified by the clerk as the weapon used in the robbery, that Hood hurriedly left the service station, and that he drove away at a high rate of speed. The police pursued the van, and when Hood was later apprehended at a police roadblock, he had the handgun, a ski mask, and $445 in cash. During his apprehension, Hood fought with the officers. *Hood I*, supra, 282 Ga. App. at 351.

Hood alleges that his counsel was ineffective because he: (a) advised Hood not to testify; (b) stated in closing argument that Hood did not have to testify and incriminate himself; (c) failed to obtain a certified copy of a conviction with which to impeach the only witness who gave direct testimony against Hood; (d) withdrew requests to charge concerning lesser included offenses without consulting Hood; (e) failed to object when the trial court refused to answer a question posed by the jury; (f) failed to object to references to Hood's alleged future dangerousness; and (g) failed to object to Hood's absence when the statutory oath and venire oath were given to the jury.

1. Under the law of this State,

> [t]o prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. Counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. A petitioner has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffective assistance claims are mixed questions of law and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citation and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Further, when considering a claim of ineffectiveness, a critical distinction exists between inadequate preparation and unwise trial strategy. *Hudson v. State*, 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). Especially in matters of trial tactics, a Sixth Amendment claim cannot be judged by hindsight or result. *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998). Suffice it to say that the attorney's decisions on which witnesses to call, what evidence to introduce, how to conduct cross-examinations, and which defenses to pursue are matters of trial tactics that do not amount to ineffective assistance of counsel. *Gunsby v. State*, 248 Ga. App. 18, 22 (4) (545 SE2d 56) (2001).

2. Hood contends his defense counsel was ineffective because he advised Hood not to testify. Trial counsel testified that he spoke "at length" with Hood about testifying, and that it was "a foregone conclusion" he would not take the stand because of his previous convictions. The trial court found that the testimony at the new trial hearing showed that the defense counsel discussed with Hood the possibility of Hood testifying at trial and expressed his concern about Hood's previous federal conviction for bank robbery, his argumentative nature, and his quick temper. The court found that counsel explained the "pros and cons" of testifying and Hood decided not to testify. Therefore, the trial court found that counsel's performance was not deficient. We agree.

3. Hood alleges that his defense counsel was ineffective because he stated in closing argument that Hood did not have to testify and incriminate himself. According to the trial court, the actual statement was made in the context of explaining that the jury could not

fault the defendant for not testifying. While the statement, "and of course, we can go back to the Fifth Amendment, incriminate himself," might be construed as an expression of Hood's guilt out of context, this was not the effect of the total argument. The trial court found that trial counsel repeatedly raised doubt with the jury and argued that the evidence required Hood's acquittal. Thus, the court found that the defense counsel did not concede Hood's guilt and that his performance was not deficient on this ground. We agree with the trial court. Hood's constitutional right to the assistance of counsel is " 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering *reasonably effective assistance.*' " *Alderman v. State*, 241 Ga. 496, 511 (8) (246 SE2d 642) (1978).

4. Hood also contends his counsel was ineffective because he failed to obtain a certified copy of a conviction with which to impeach the only witness who gave direct testimony against Hood. Hood argues that the failure to impeach the passenger in the van with his felony conviction constituted deficient performance that prejudiced his case. The trial court found that any error resulting from not impeaching this witness was harmless in light of the other evidence in the case establishing Hood's guilt. We agree. Considering all the evidence in the case, including the fact that, contrary to Hood's contention, another witness was able to identify Hood, the failure to attempt impeachment of this one witness cannot be said to create a reasonable probability that he would not have been convicted, sufficient to undermine confidence in the outcome of the case. Error by counsel, even if unreasonable professionally, does not warrant reversal if the error had no effect on the judgment. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

5. Hood further contends his defense counsel was ineffective because he withdrew requests to charge concerning lesser included offenses without consulting with Hood. Although Hood denies that he wanted the requests to be withdrawn, his defense counsel testified at the hearing on Hood's motion for a new trial that he withdrew the request for charges after discussing the matter with Hood, and it was Hood's "intent and, perhaps even his insistence," that the charges be withdrawn. The trial court considered the credibility of Hood and his defense counsel and found as a fact that counsel had consulted with Hood about withdrawing the charges. As this is a decision based on the trial court's determination of the credibility of Hood and his defense counsel, we must accept the findings unless they are clearly erroneous, which they are not. *Head v. Hill*, supra, 277 Ga. at 266. Further, "[d]ecisions on requests to charge involve trial tactics to which we must afford substantial latitude, and 'they provide no grounds for reversal unless such tactical decisions are so patently

unreasonable that no competent attorney would have chosen them.' [Cit.]" *Lindo v. State*, 278 Ga. App. 228, 238 (4) (c) (628 SE2d 665) (2006). Accordingly, this enumeration of error is also without merit.

6. Hood alleges that his defense counsel was ineffective because he failed to object when the trial court refused to answer the following question posed by the jury: "I need a clarification regarding intent as it relates to the kidnapping charge. If I believe that by the letter of the law the crime was committed but there was no intent to kidnap, would that be a reason for a not guilty verdict?" Instead of answering the question directly, the trial court recharged the jury that intent is an essential element of any crime and must be proved by the State beyond a reasonable doubt.

Hood relies upon *Dill v. State*, 277 Ga. 150, 151 (2) (587 SE2d 56) (2003), to argue that the failure to answer both questions posed by the juror is reversible error. The trial court ruled that it answered the question, that the scope of the recharge was within its discretion, and that counsel was not ineffective for not objecting to the recharge. We agree. The necessity, extent, and character of any supplemental instructions to the jury are matters within the discretion of the trial court and appellate review is limited to determining whether that discretion was abused. *Litmon v. State*, 186 Ga. App. 762, 763 (2) (368 SE2d 530) (1988). The difference between this case and *Dill* is that in *Dill*, the jury asked two substantive questions about the charge and the answer given to only one question did not address the other. Here, however, by recharging that intent was an essential element of the crime, the trial court answered both questions. The trial court did not err by finding that defense counsel was not deficient for not objecting to this charge.

7. Hood also alleges that his defense counsel was ineffective because he failed to object to references to Hood's alleged future dangerousness. The comment Hood complains of was that of a police officer who testified that armed robbers were violent and he established that he placed the roadblock where he did because he was concerned about the possibility of a gun fight when they stopped the vehicle fleeing the site of the armed robbery. The trial court found that this was not testimony about Hood's future dangerousness, and accordingly, the defense counsel was not deficient for failing to object. We agree. This comment merely addressed why the location for the roadblock was selected, and was not directed toward Hood, who had not even been identified at that time. This enumeration of error is without merit.

8. Hood contends that his defense counsel was ineffective because he failed to object to Hood's absence when the statutory oath and venire oath were given to the jury. The trial court found that Hood's defense counsel was not ineffective for failing to object

because the administration of these oaths was not a stage of the trial or a critical stage of the proceedings requiring Hood's presence, and therefore counsel's performance was not deficient. We agree. *Gilreath v. State*, 247 Ga. 814, 824 (3) (279 SE2d 650) (1981); *Goodroe v. State*, 224 Ga. App. 378, 380 (1) (480 SE2d 378) (1997).

Consequently, as the trial court's findings on the effectiveness of counsel are not clearly erroneous, they are affirmed. *Smith v. State*, 234 Ga. App. 586, 588 (1) (a) (ii) (506 SE2d 406) (1998).

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JULY 9, 2008 — 

*Brian Steel*, for appellant.

*W. Kendall Wynne, District Attorney, Robert A. Rogers, Assistant District Attorney*, for appellee.