# Court of Appeals
# of the State of Georgia

ATLANTA,___June 07, 2013_____

*The Court of Appeals hereby passes the following order:*

**A13A1642. TAMARA B. GRISSOM v. AAA PARTNERS IN ADOPTION, INC.**

Tamara Grissom signed a voluntary surrender of parental rights to her minor child in favor of AAA Partners in Adoption, Inc., and the superior court terminated her parental rights.[1] Grissom then filed motions to unseal the adoption records and to vacate the adoption and restore her parental rights. The court denied those motions, and Grissom did not file a timely notice of appeal. Several months later, however, she filed a "Sua Sponte Notice of Out-of-Time Appeal," and an Amended Notice. The trial court construed these filings as a request for permission to file an out-of-time appeal, and it granted that request. We, however, lack jurisdiction.

An out-of-time appeal is a judicially-created remedy that is limited to criminal cases. See, e. g., *Cody v. State*, 277 Ga. 553 (592 SE2d 419) (2004). Thus, in civil cases, an order granting an out-of-time appeal is ineffective to confer jurisdiction on the appellate court. *Woodall v. Woodall*, 248 Ga. 172, 173 (281 SE2d 619) (1981). Because the trial court's order granting the out-of-time appeal was not effective, we are without jurisdiction to consider this appeal, which is therefore DISMISSED.

---

[1] Although Grissom appealed from the termination order, her appeal was dismissed for failure to comply with the discretionary appeal requirements. See Case No. A12A2441 (Order of Aug. 29, 2012).



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 06/07/2013
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*