# Court of Appeals
# of the State of Georgia

ATLANTA, February 07, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1194.  DON ALEXANDER v. THE STATE.**

On April 11, 2018, Don Alexander entered a counseled guilty plea to possession of cocaine with intent to distribute. On April 30, 2018, he filed a pro se motion to withdraw his guilty plea, which his lawyer purported to adopt in February 2019. In March 2019, the trial court denied the motion. In July 2019, with benefit of counsel, Alexander filed a motion for an out-of-time appeal from his conviction and the denial of his motion to withdraw the plea.[1] On July 17, 2019, the trial court granted the motion, giving Alexander 30 days to file a notice of appeal.[2] On November 18, 2019, Alexander's attorney filed a notice of appeal. We lack jurisdiction because the notice of appeal was not timely filed.

"A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal." *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995). "A defendant granted an out-of-

---

[1] We note that a pro se motion to withdraw a guilty plea filed by a criminal defendant who is represented by counsel is a legal nullity, and the denial of such a motion does not give rise to a right of appeal. See *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017). We express no opinion, at this juncture, on the legal effect of Alexander's lawyer's adoption of his pro se motion in a subsequent term of court. Regardless of whether Alexander could appeal the denial of his motion to withdraw his plea, however, he did have a right of appeal from his conviction and sentence. See generally *Collier v. State*, __ Ga. __ (1) (834 SE2d 769) (2019).

[2] The State filed a motion to set aside this order, but the trial court denied the State's motion.

time appeal who wishes to pursue post-conviction relief in the appellate courts has 30 days from the grant to file a notice of appeal to the appellate court with subject-matter jurisdiction." *Cody v. State*, 277 Ga. 553, 553 (592 SE2d 419) (2004). Here, Alexander's notice of appeal was filed 124 days after entry of the trial court's order permitting an out-of-time appeal. Thus, this appeal is untimely, and it is hereby DISMISSED. See id. at 554; *Aldridge v. State*, 188 Ga. App. 729, 729 (374 SE2d 223) (1988).

Because Alexander is represented by counsel, he is informed of the following in accordance with *Rowland*, supra, 264 Ga. at 875-876 (2): This appeal has been dismissed because you failed to file a proper and timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The clerk of the court is DIRECTED to send a copy of this order to Alexander as well as to Alexander's attorney, who is also DIRECTED to send a copy to Alexander.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___02/07/2020_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


_____ , Clerk