# Court of Appeals
# of the State of Georgia

ATLANTA,  April 19, 2023

*The Court of Appeals hereby passes the following order:*

## A23A0496.  BILLY RAY HUTTO v. THE STATE.

In February 2018, a jury found Billy Ray Hutto guilty of several counts of child molestation, aggravated child molestation, and aggravated sodomy. Several of his charges merged, and he was given a life sentence, with the first 60 years to serve in confinement. In March 2018, Hutto filed a motion for new trial, asserting inter alia[1] that the State failed to prove his guilt beyond a reasonable doubt, and, even if his guilt was sufficiently proved, "the evidence was sufficiently close to warrant the trial judge to exercise his discretion to grant [Hutto] a retrial." The record does not contain a ruling by the trial court on these claims.

In February 2020, Hutto filed an amendment to his motion for new trial, asserting that his life sentence should be vacated because it exceeded the maximum permitted by law and he received ineffective assistance of counsel at sentencing due to counsel's failure to object to a condition of probation. The trial court granted Hutto's amended motion for new trial as to his sentence, vacating his sentence and removing the condition of probation not objected to by trial counsel, and ordering that a new sentencing hearing take place. In this order, the trial court made no mention of Hutto's original claim based on sufficiency of the evidence or his request that the trial court use its discretion to grant him a new trial based on the evidence.

Hutto was resentenced in June 2022. He was adjudicated guilty of two counts

---

[1] Hutto also stated that the trial court committed an unspecified error of law warranting a new trial and that he received unspecified ineffective assistance of trial counsel.

of aggravated child molestation and sentenced to 60 years to serve in custody. No mention of Hutto's claims concerning the sufficiency of the evidence at trial was made during his resentencing hearing or in any order by the trial court that appears in the record. Hutto appealed directly from his amended judgment of conviction and sentence. On appeal, he asserts that the evidence against him was insufficient to sustain his convictions.

Here, we do not have a ruling from the trial court on all of the claims raised in Hutto's motion for new trial. The only order from the trial court on Hutto's motion for new trial granted the motion on his sentencing claims. Accordingly, the remainder of Hutto's motion for new trial remains pending below. And, where a "motion for new trial is pending, any notice of appeal to an appellate court has not yet ripened, and the trial court retains jurisdiction to dispose of the motion for new trial and . . . any appeal must be dismissed." *Pounds v. State*, 309 Ga. 376, 382 (3) (846 SE2d 48) (2020) (citations and punctuation omitted), overruled on other grounds by *Johnson v. State*, __ Ga. __, __ (3) (__ SE2d __) (Case No. S22A0964, March 15, 2023). See also *State v. Hood*, 295 Ga. 664, 664-665 (763 SE2d 48 (2014) (where motion for new trial was pending when State filed its notice of appeal, jurisdiction remained with the trial court and the appeal was dismissed).

We find this choice of disposition particularly relevant where the appellant sought a new trial on the general grounds, given the "substantial discretion" of a trial judge to grant a new trial on those grounds. *White v. State*, 293 Ga. 523, 525 (2) (753 SE2d 115) (2013). Accordingly, we DISMISS Hutto's appeal, and REMAND his case to the trial court so that it may rule on any claims that remain pending. See *Jones v. State*, 280 Ga. App. 287, 297-298 (5) (633 SE2d 806) (2006) (remanding case to the trial court where the trial court failed to rule on one of defendant's claims of error in his motion for new trial) (physical precedent only).



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,*  04/19/2023

          *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*