Tatum et al. vs. Allison, Anderson & Co.

---

## TATUM et al. vs. ALLISON, ANDERSON & CO.

1. A Writ may be signed by an Attorney in fact of the plaintiff.
2. Where the signing of the declaration is imperfect, it is curable, even under the Act of 1818, provided there be a good cause of action set out in the declaration. The time for such trifling is past.

Complaint, in Dade Superior Court. Decision made by Judge WALKER, at the May Term, 1860.

Allison, Anderson & Co. brought an action in the Jones' form, against Robert H. Tatum, maker, and Emanuel Mann, endorser.

The writ of the plaintiffs was signed by "H. L. W. Allison, attorney in fact for Allison, Anderson & Co.," said H. L. W. Allison being at the time deputy clerk of said Court. At the appearance term of the case, a motion was made by counsel for the defendants to dismiss said case, on the ground that the writ, or petition, of the plaintiffs was not signed by competent authority.

The presiding Judge overruled the motion, and refused to

AMENDMENT. "The ordinary of a county having jurisdiction of an administration is incompetent as an attorney to bring suit on the bond of the administrator. * * * A suit so instituted by the ordinary as sole counsel was illegal, and could not be amended by adding the name of another attorney nunc pro tunc to the declaration. * * * This case differs from that in 31 Ga. 337. What the law forbids to be done is widely different from that which is permissive or discretionary." Smith, ordinary, v. Andrews, 70 Ga. 708 (1, 2), 711.

PROCESS DEFECTIVE, WAIVED BY APPEARANCE AND PLEAD-

dismiss the case, but permitted the name of H. L. W. Allison to be erased, and the name of Leander W. Crook, an attorney at law for the plaintiffs, to be substituted in lieu of that of the said attorney in fact.

This decision is the error complained of in this case.

No appearance for the plaintiffs in error.

CROOK, represented by J. A. GLENN, for the defendants in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

The writ in this case was signed by an attorney in fact, for the plaintiffs. His power was not disputed. Upon objection being made, the Court allowed the name of the attorney at law to be substituted.

We think the writ was right as it stood. What act can not be done by an attorney in fact? A deed to land can be executed by another—why may not a declaration be signed, provided authority be given for that purpose? And here, no question is made as to the sufficiency of the power.

But even if this were not so, the amendment was allowable. An attempt had been made to sign the writ. If the declaration contained a good cause of action, that and every other formal defect was amendable, even under the Act of 1818. The time for such trifling is past.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.

ING. "Judgment rendered in 1874, in a suit commenced in 1856, can not be set aside for a clerical mistake in the process, the original defendant having appeared at the first term after the declaration was filed and pleaded to the merits of the action; his executor, on being made a party, having also pleaded to the merits; and no suggestion of any defect in the process having been made until after verdict and judgment, eighteen years posterior to the first appearance and plea. Even before the adoption of the Code, appearance and pleading to the merits waived service." Blalock *v.* Tidwell, 56 Ga. 517 (1, 2), 520.

"The truth is, that the object of process and service is to bring the defendant into court by himself or counsel representing him, and when that is done they have accomplished the object of the law. 58 Ga. 504; 25 Ga. 646; 26 Ga. 430; 56 Ga. 517; 31 Ga. 337." Lowe *v.* Burkett, 65 Ga. 567.