### 3, 4.   CURRIE *v.* DEAVER *et al.,* and *vice versa.*

1. Where the defendant at the first term of the court filed a plea, which was not signed by himself or counsel, but which was not demurred to or objected to until the next term of the court, the judge did not err in then allowing the plea to be signed.

2. Although the judge marked the case in default at the second term of the court, when his attention was called to the fact that the plea was not signed, it was not erroneous for him at the same time to allow the defendant to open the default upon the payment of the costs. This is true although he may have dated back his entry of default to the previous term.

3. The judgment in the court below having been favorable to the defendant in error in the main bill of exceptions, and the affirmance of the judgment on the main bill of exceptions making an end to the whole case, under the established practice the cross-bill will be dismissed.

Action for breach of contract, from city court of Brunswick—Judge Gale.   February 7, 1906.

Submitted January 8,—Decided January 11, 1907.

*Ernest Dart,* for plaintiff.   *Krauss & Shepard,* for defendants.

POWELL, J.   The plaintiff in error, Currie, brought suit against the defendants in error, the Deavers, to the November term, 1905, of the city court of Brunswick.   At the appearance term the defendants filed a plea, but the same was not signed by them or by their counsel.   At the next term of the court, which was held in February, 1906, upon the case being called in its regular order for trial, counsel representing the plaintiff moved the court to strike the plea and answer, because the same was not subscribed by party or counsel, and to direct a verdict in favor of the plaintiff.   The court ruled that this unsigned plea amounted to no plea, and that the case was in default.   The defendants' counsel thereupon moved to amend the plea by signing the same.   The court held that the plea could not be amended but could be signed and offered as a new plea.   The defendants' counsel then made a motion to open the default in said case by signing the plea and offering it as an original plea as of that date.   The court thereupon passed the following order:   "It appearing to the court that through oversight the counsel's name was not signed to the plea, it is, upon motion of counsel for defendants, ordered by the court that said default be allowed to be opened, the court exercising its discretion, on payment of all costs accrued to this time, and that this plea

therefore be filed. Judgment signed up in open court, this February 7, 1906." The plea was accordingly amended and refiled; and the costs paid. When the fact of the failure to sign the plea was brought to the attention of the court, an entry appearing upon the docket in the clerk's handwriting in the words, "Answer filed November term, 1905," was erased and stricken out by the judge, who in lieu thereof made the following entry: "Default, November term, 1905." Though dated November term, 1905, this entry of default by the judge was not made until February 7, 1906. The plaintiff did not at the first term demur to the plea or make any objection thereto, but first called attention to the defect at the February term. The case proceeded to trial, and resulted in a verdict for the defendants. Currie filed the main bill of exceptions, in which he assigns as error the court's refusal to strike the plea and answer, the ruling of the court allowing defendants' counsel to sign the plea and to file it at the February term, the ruling of the court allowing the default to be opened upon the payment of the costs, and all "orders, judgments, and rulings of the court, adverse to the striking of the plea and the entering of the judgment in favor of the plaintiff." By cross-bill the defendants excepted to the ruling of the court refusing to allow the defendants to amend the plea, and in entering the default, and in requiring them to pay the costs to open the default.

1. Ordinarily the failure of a party or his counsel to subscribe his pleadings, duly filed, is such a defect as may be waived, and therefore may be cured by amendment. 20 Enc. Pl. & Pr. 1002; Myer *v*. Construction Co., 100 U. S. 471. The case of *Tatum* v. *Allison,* 31 *Ga.* 337, though not directly in point, is strongly persuasive to the same intent. It is true that the direction in the Civil Code, §5052, in relation to the answer of the defendant, that it shall be "in writing, signed by himself or counsel," is very similar in language to the requirement in section 5527, that bills of exceptions "shall be signed by the party or his attorney or solicitor," and it is contended that this parallelism makes controlling as authority, in this case, the line of decisions by our Supreme Court holding that a bill of exceptions, which is not signed by the party or his attorney, is fatally defective and that it can not be amended by adding the omitted signature. But we do not think these decisions are applicable. Under our system of pleading and

practice, the liberality as to amendments, applicable in cases of ordinary pleadings, has never been extended to bills of exceptions. For example, although the code section first cited requires that the answer shall "plainly, fully, and distinctly" set forth the defense, yet an answer imperfect in any or all of these particulars is not fatally defective, but may be amended, while, on the other hand, a bill of exceptions failing to comply with the similar provision in section 5527, that it shall "specify plainly the decision complained of and the alleged error," is fatally defective and can not be amended. Hence we conclude that while the unsigned plea was imperfect, it was not void.

2. Even if the unsigned plea were to be treated as no plea at all, still, under the provisions of the Civil Code, §5070, "At any time within thirty days after the entry of 'default,' the defendant, upon payment of all costs which have accrued, shall be allowed to open the default and file his defense by demurrer, plea, or answer." While the judge is required to mark each undefended case "in default" at the first term, still, if he neglects to do this until the trial term, the time within which the defendant may answer is accordingly prolonged. *Gordon* v. *Hudson,* 120 *Ga.* 698; *Davis* v. *Railway Co.,* 107 *Ga.* 420; *Green* v. *Hambrick,* 118 *Ga.* 569 (5). The judge can not diminish this right of the defendant by dating back the entry of default, so as to cause it to appear as if made at the previous term, if as a matter of fact the default was not judicially ascertained or declared at such previous term. It is unnecessary for us to decide whether or not the judge has the power by an order nunc pro tunc to enter as of a previous term a default actually judicially ascertained and declared at such previous term, but not formally entered. In this case the judge did not ascertain or declare the default until the February term, 1906. So that, in finally allowing the defendants' plea, the judge, although his method of arriving at this result may have been irregular in some respects, committed no error of which the plaintiff in error in the main bill of exceptions can complain.

3. As authority for the disposition made of the cross-bill, see *McElveen* v. *Railway Co.,* 109 *Ga.* 255.

*On the main bill of exceptions the judgment is affirmed. The cross-bill of exceptions is dismissed.*