32454.   LANIER v. LANIER.

DECIDED APRIL 20, 1949.

*Milton G. Farris, Morris M. Herzberg,* for plaintiff.

*Swift Tyler, Marvin O'Neal Jr.,* for defendant.

TOWNSEND, J.   (After stating the foregoing facts.)   █   The plaintiff had a right to sign her own petition. Art. I, sec. I, par. IV, of the Constitution of this State (Code, Ann., § 2-104) provides as follows: "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." See *Loomis* v. *State,* 78 *Ga. App.* 153 (51 S. E. 2d, 13); *Tatum* v. *Allison, Anderson & Co.,* 31 *Ga.* 337.

Counsel for the defendant contends that, since the passage of the act of 1931 (Code § 9-401) as amended in 1937, defining the practice of law, and the act (Code § 9-402) passed in 1931, making it unlawful for any person other than a duly licensed attorney

at law to engage in the practice of law, the act of an agent who is not such an attorney at law, in signing the name of his principal to a petition, amounts to the practice of law, and being unlawful, the petition must be dismissed. Nothing in the record here indicates that the agent prepared the petition in question or otherwise purported to act in the capacity of an attorney at law in any manner whatsoever. It only appears that he signed her name. The reason why the agent signed instead of the principal does not appear. It could be that the principal was suffering from physical handicap rendering her unable to sign her name. The petition discloses that it is the suit of the principal and her name is signed thereto as the petitioner.

The mere signing of the name of the principal to a petition, by a duly authorized agent, to be filed in court, does not constitute the practice of law on the part of such agent, as defined in Code § 9-401 as amended. Suits in the Civil Court of Fulton County where the amount involved is $300 or more (as in the instant case) shall be signed by the plaintiff or his counsel. See Code, § 81-101, and Ga. L., 1933, p. 297. The petition in the instant case was signed by the plaintiff within the meaning of these provisions of the law.

■ The plaintiff was entitled to amend her petition by striking her signature which had been affixed thereto by her agent and substituting in lieu thereof the signatures of her attorneys. See *Tatum* v. *Allison, Anderson & Co.*, supra; *Currie* v. *Deaver*, 1 *Ga. App.* 11 (57 S. E. 897); *Austin* v. *M. Ferst's Sons Co.*, 2 *Ga. App.* 91 (2) (58 S. E. 318); *Carter* v. *Atkinson*, 12 *Ga. App.* 390 (2) (77 S. E. 370).

■ The trial court erred in sustaining the demurrer and dismissing the petition and in refusing to allow the amendment to the petition.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*