## 50427. LEE v. PRECISION BALANCING & MACHINE, INC.

QUILLIAN, Judge.

Appeal was taken in this case from an order overruling the plaintiff's motion for default judgment, a certificate of review having been obtained. The plaintiff filed a petition seeking recovery for a defective engine. The complaint was served on November 3, 1969. On November 14, 1969 an answer was filed containing the following pertinent portions. The answer was entitled "Charles F. Lee, plaintiff v. Precision Balancing & Machine, Inc., defendant," and stated: "Comes now the defendant in the above styled case and files his answer and states as follows." Then follows a statement answering various paragraphs of the plaintiff's complaint either by admission or denial thereof. The answer also contained a counterclaim which set out: (1) Charles F. Lee is a resident of Clayton County, Georgia and is subject to

the jurisdiction of this court. (2) Charles F. Lee is indebted to Precision Balancing and Machine, Inc., in the amount of $230.37 on account. Wherefore, defendant and counterclaimant prays and demands that (a) having fully answered plaintiff's complaint, that the plaintiff's action be dismissed and all costs taxed against the plaintiff; and (b) that defendant recover judgment against plaintiff in the sum of $230.37 plus court costs. The answer in this case was signed as follows: "G. Roger Land, Attorney for Charles F. Lee." This was followed by the address of the attorney in question.

Subsequently, the plaintiff filed interrogatories on the defendant which were duly answered by the defendant. These answers were signed by G. Roger Land "attorney for the defendant."

The defendant moved for summary judgment attaching thereto an affidavit of its president to show that there was no basis for recovery. The plaintiff filed a motion in opposition to the defendant's motion for summary judgment setting out a basis why plaintiff should recover and attaching the affidavit of the plaintiff. The plaintiff then moved for default against the defendant contending that the suit was filed on October 31, 1969 and served upon the defendant on November 3, 1969; that the defendant had not filed an answer to the suit and that the suit is now in default. On appeal of this case and before the trial judge the plaintiff contended that the signature "G. Roger Land, Attorney for Charles F. Lee" failed to meet the requirements of law and thus the pleading did not constitute an answer and was insufficient to prevent a default. *Held:*

Prior to the Civil Practice Act the Supreme Court and this court had ruled that the failure to sign a complaint or to sign an answer was an amendable defect and did not render the pleading in question void. *Currie v. Deaver,* 1 Ga. App. 11 (57 SE 897); *Lanier v. Lanier,* 79 Ga. App. 131 (2) (53 SE2d 131); *Gillis v. Atlantic C. L. R. Co.,* 127 Ga. 678 (56 SE 1003); *Cook v. Walker,* 161 Ga. 551, 554 (131 SE 288).

Section 11 of the Civil Practice Act (Code Ann. § 81A-111; Ga. L. 1966, pp. 609, 622) provides: "Every pleading of a party represented by an attorney shall be

signed by at least one attorney of record in his individual name, whose address shall be stated." 2A Moore's Federal Practice 2103, 2104, § 1102 contains a thorough discussion of the problems involving signatures or improper signatures. There it is succinctly pointed out that the court should grant leave to comply with the rule as to signature rather than strike the pleading and that the entry of a judgment by default against the plaintiff for his noncompliance is the ultimate sanction provided by the terms of the rule but should be invoked rarely and certainly not for minor infractions. The trial judge correctly construed the answer in holding that it evinced an intent on the part of the defendant to answer and not an individual by the name of G. Roger Land as an attorney for the plaintiff. However, the complaint should have been amended to show that the defendant indeed did answer. Hence, the judgment is affirmed on the condition that within 15 days after the entry of the remittitur in the trial court that the defendant amend the answer to show that it was answered either by the defendant or by an attorney representing the defendant.

*Judgment affirmed on condition. Pannell, P. J., and Clark, J., concur.*

SUBMITTED MARCH 11, 1975 — DECIDED MAY 9, 1975.

*Larry Cohran,* for appellant.
*G. Roger Land,* for appellee.