### 35248. GIBBS v. SPENCER INDUSTRIES, INC.

MARSHALL, Justice.

On July 7, 1978, Ethel Gibbs filed a summons of garnishment against Spencer Industries, Inc., in the State Court of Fulton County, naming Herschel Gibbs as the defendant in the garnishment action. See Code Title 46, Garnishment (Ga. L. 1976, p. 1608 et seq.). The garnishment was filed on a judgment which Ethel Gibbs had obtained against Herschel Gibbs for child support in the amount of $8,229.60. On August 9, Spencer delivered to the clerk of state court an answer stating that there was no property or effects of the defendant in the hands of the garnishee except a paycheck from Spencer payable to Herschel Gibbs in the amount of $75.21. See Code Ann. § 46-501. This check was forwarded along with the answer.

Instead of filing the answer, the clerk of state court, by letter dated August 10, returned the answer and check to Spencer. In the letter, the clerk requested Spencer to return the answer with a check made payable to the state

court. Spencer failed to return the answer, and, on November 15, 1978, a default judgment was entered against it. On November 20, Gibbs notified Spencer of the entry of the default judgment. On December 20, after receiving notification of the entry of the default judgment, Spencer filed a motion to set the default judgment aside on the ground that it had filed an answer in a timely fashion. In the alternative, Spencer moved to have the amount of the default judgment reduced under Code Ann. § 46-509.

The state court lacked jurisdiction to set aside the default judgment since it had been rendered at a prior term of court, see *Boston Sea Party v. Bryant Lithographing Co.,* 146 Ga. App. 294 (246 SE2d 350) (1978), and the state court denied the motion to set aside. However, the state court did grant Spencer's motion to reduce the amount of the default judgment.

Next, Spencer filed a complaint in equity in the superior court to set aside the default judgment under Code Ann. § 81A-160 (e) on the ground that Spencer had filed a timely answer and, therefore, the default judgment was entered by accident or mistake. Spencer's motion for summary judgment was granted by the superior court in this action. Gibbs appeals. We affirm.

We agree that Spencer, by causing its answer to be delivered to the clerk of the state court for filing, is deemed to have filed its answer even though the clerk did not enter it filed. See *Boston Sea Party v. Bryant Lithographing Co.,* supra, and cits. "[C]ausing a paper 'to be actually [sic] placed in the hands of the clerk of a trial court within the time prescribed by law for filing the same in his office is all that is, in this respect, required of' a party. *McDaniel v. Columbus Fertilizer Co.,* 109 Ga. 284." *Jolley v. Rutherford,* 112 Ga. 342, 343 (37 SE 358) (1900). If the answer was "legally insufficient," Gibbs, the garnishor, could have filed a traverse to the answer under Code Ann. § 46-505. Alternatively the garnishor could have moved for entry of judgment in the amount of $75.21 on the ground that this amount had been admitted to be subject to garnishment but not delivered to the court. Code Ann. § 46-510. Since the garnishee did file an answer, the entry of default judgment against the garnishee for the amount claimed to be due on the

garnishor's judgment against the defendant was erroneous. Under its equitable authority, the superior court was authorized to set aside the default judgment on the ground that it had been entered by accident or mistake.

We find the defenses urged by Gibbs in this equitable action to set aside the default judgment to be without merit. Spencer was not guilty of such laches as would bar it from obtaining equitable relief, for the primary reason that no prejudice to Gibbs appears from any delay occasioned by Spencer. See *Hodges v. Libbey,* 224 Ga. 509 (162 SE2d 716) (1968) and cits. Since the state court ruled that it was without jurisdiction to set aside the default judgment, Spencer was authorized to commence this suit in equity in superior court to set the judgment aside. See *Hawthorne v. Pope,* 51 Ga. App. 498 (1) (b) (180 SE 920) (1935). By filing a motion to reduce the amount of the judgment under Code Ann. § 46-509, supra, Spencer did not recognize the validity of the judgment so as to be estopped from thereafter seeking to set it aside. Cf. *Saturday v. Saturday,* 224 Ga. 236 (161 SE2d 509) (1968).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1979 — DECIDED OCTOBER 2, 1979 — REHEARING DENIED OCTOBER 16, 1979.

*Saul Blau,* for appellant.

*Sutherland, Asbill & Brennan, Alfred G. Adams, Jr.,* for appellee.