S07G0412. HOOD v. THE STATE.
(651 SE2d 88)

BENHAM, Justice.

Edward Hood was convicted in 2003 of armed robbery, kidnapping, and felony and misdemeanor obstruction of an officer. In affirming his convictions on appeal, the Court of Appeals concluded it was unable to review the trial court's determination that Hood had not been deprived of his right to effective assistance of counsel at trial because Hood had not raised the issue of ineffective assistance of trial counsel at the earliest opportunity. *Hood v. State*, 282 Ga. App. 350 (1) (638 SE2d 807) (2007). We granted Hood's petition for a writ of certiorari to the Court of Appeals.

"It is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and the public, that any contention concerning the violation of the constitutional right of counsel should be made at the earliest practicable moment." *Smith v. State,*

---

[6] For example, Wife offered no information to the contrary when the trial court asked her, "Isn't the house gone?"

255 Ga. 654, 656 (3) (341 SE2d 5) (1986). Over the years, this Court has developed a policy of affording initial review by the trial court of a claim of ineffective assistance of counsel (see *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922) (1991)) in the belief "the claim can be promptly resolved by the judge who presided over the trial as opposed to having it resolved by a habeas court somewhere down the road." *Lloyd v. State*, 258 Ga. 645, n. 1 (373 SE2d 1) (1988). Because a lawyer may not ethically present a claim that he/she provided a client with ineffective assistance of counsel (*Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985)), a claim of ineffective assistance of trial counsel cannot be pursued unless trial counsel is no longer representing the convicted defendant. The claim must be pursued by post-conviction counsel or by the convicted defendant acting pro se. When such pursuit is initiated while post-conviction relief is pending in the trial court (e.g., when a motion for new trial is pending, or an out-of-time appeal is sought) or following the filing of a notice of appeal to this Court or the Court of Appeals, it falls upon the trial court to determine whether the defendant has carried the burden of proving trial counsel provided ineffective assistance of counsel. See *McCulley v. State*, 273 Ga. 40 (4) (537 SE2d 340) (2000) (case remanded to trial court for findings with regard to claim of ineffective assistance where new counsel raised the issue after trial counsel had filed a notice of appeal); *Ponder v. State*, supra, 260 Ga. 840 (1) (when out-of-time appeal is granted, a claim of ineffective assistance must be pursued in a motion for new trial in the trial court).

Hood raised the issue of ineffective assistance of counsel in a pro se motion for new trial received by the trial court clerk's office on March 5, 2004, with a pro se notice of appeal and a letter from Hood to the trial judge. The clerk filed the notice of appeal and the letter, but returned the motion for new trial to Hood for a signature. The clerk filed the motion when Hood returned the signed motion on March 12, nearly seven months after the judgment of conviction was entered against Hood.[1] For the reasons that follow, we conclude

---

[1] Hood's trial counsel filed a timely motion for new trial in August 2003, filed a motion to withdraw from representation in October 2003, and filed a motion to strike the motion for new trial (and an amendment thereto) in November 2003. The trial court granted the motions to withdraw and to strike on December 1, 2003. Because more than 30 days had elapsed since the entry of the judgment of conviction, the striking of the amended motion for new trial left Hood without an avenue of direct appeal. At a hearing held on January 14, 2004, the trial court informed Hood that the motion for new trial had been withdrawn. In an effort to "clear it up," the trial court instructed the assistant district attorney to prepare an order which gave Hood 60 days from the date of the hearing (i.e. until March 15, 2004) to retain appellate counsel and to file a motion for new trial. The signed "order on out-of-time motion for new trial" was filed February 6, 2004, giving Hood 38 days from the date of filing to retain counsel and file a motion for new trial. Despite the attempt of the trial court to reinstate Hood's direct-appeal means of post-conviction relief, once the trial court effectively granted Hood an out-of-time appeal the

Hood's pro se motion for new trial should have been filed when it was initially received on March 5; that filing was timely since it took place within 30 days of the filing of the trial court's grant of an out-of-time appeal to Hood; and Hood's simultaneously-filed notice of appeal did not divest the trial court of jurisdiction to rule on the motion for new trial and the amendments thereto.

The duties of the clerk relating to the filing of pleadings are ministerial in nature, and " '[i]t is the official duty of the clerk of a court to file all papers in a cause presented by the parties, and to mark them filed, with the date of filing. (Cits.)' [Cit.] 'A paper is said to be filed, when it is delivered to the proper officer, and by [that officer] received, to be kept on file.' [Cit.]" *Forsyth v. Hale*, 166 Ga. App. 340, 342 (304 SE2d 81) (1983). "Causing a paper to be actually placed in the hands of the clerk of a trial court within the time prescribed by law for filing the same in [the clerk's] office is all that is, in this respect, required of a party." (Punctuation omitted.) *Gibbs v. Spencer Indus.*, 244 Ga. 450, 451 (260 SE2d 342) (1979). "The actual date of filing is the date upon which the paper is handed to the clerk to be filed. [Cits.] So, where a motion for new trial has been delivered for filing to the clerk, it will be deemed filed even though that officer fails to make the proper entry of filing thereon." *Brinson v. Ga. RR Bank &c. Co.*, 45 Ga. App. 459, 461 (165 SE 321) (1932). It is beyond the purview of the clerk to be concerned with the legal viability of a pleading presented to the clerk for filing. See *Hughes v. Sikes*, 273 Ga. 804 (1) (546 SE2d 518) (2001) (where clerk returned notice of appeal for supplementation); *Gibbs v. Spencer Indus.*, supra, 244 Ga. 450 (where clerk returned answer for supplementation).

The clerk did not file the motion for new trial because it was not signed by Hood or counsel representing Hood. A motion filed in a civil case is statutorily required to bear the signature of an attorney or of the party if the party is not represented by an attorney (OCGA §§ 9-11-7 (b) (2); 9-11-11 (a)), and a motion filed in superior court in a civil or criminal matter must, by rule, "bear the signature of the responsible attorney or party who prepared the document. . . ." Uniform Superior Court Rule 36.4. In construing the statutory signature requirement, this Court and the Court of Appeals have held that the lack of a signature is an amendable defect and does not render the unsigned document null and void. *Edwards v. Edwards*,

---

trial court was without authority to give Hood more than 30 days from the grant of the out-of-time appeal to file a motion for new trial. OCGA § 5-6-39 (b) ("No extension of time shall be granted for the filing of motions for new trial or for judgment notwithstanding the verdict."). In light of the critical and time-sensitive nature of the grant of an out-of-time appeal, a court should take care that a defendant is in a position to comply with the stringent temporal deadlines before granting an out-of-time appeal.

227 Ga. 307 (1) (180 SE2d 358) (1971); *Edenfield & Cox, P.C. v. Mack,* 282 Ga. App. 816, 817-818 (640 SE2d 343) (2006). The Court of Appeals has suggested that a court "should grant leave to comply with the rule as to signature rather than strike the pleading. . . ." *Lee v. Precision Balancing & Machine,* 134 Ga. App. 762, 764 (216 SE2d 640) (1975). We believe the uniform superior court rule requiring signatures on all filed documents in civil or criminal matters should be similarly construed. Consequently, the superior court clerk should have filed the unsigned pro se motion for new trial and left to the trial court the determination of the viability of the unsigned motion. See *Edwards v. Edwards,* supra, 227 Ga. 307; *Edenfield & Cox, P.C. v. Mack,* supra, 282 Ga. App. at 817-818; *Bandy v. Hosp. Auth. of Walker County,* 174 Ga. App. 556 (1) (b) (332 SE2d 46) (1985); *Lee v. Precision Balancing,* supra, 134 Ga. App. at 763-764 (where, in each case, an unsigned or unverified pleading was filed and, upon motion of the opposing party, the trial court ruled on the effect of the initial lack of signature or verification on the viability of the pleading).

Hood's unsigned motion for new trial should have been filed on March 5 and such filing would have been timely since it was within the 30-day period following the filing on February 6 of the order granting Hood an out-of-time appeal. The filing of Hood's pro se notice of appeal on the same day as the motion for new trial did not divest the trial court of jurisdiction since

> such divestiture does not become effective during the period of time in which a motion for new trial may be filed. In the event a motion for new trial is timely filed as provided in OCGA § 5-5-40 . . . , the effectiveness of the divestiture is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired.

*Housing Auth. of Atlanta v. Geter,* 252 Ga. 196, 197 (312 SE2d 309) (1984); *Brown v. State,* 208 Ga. App. 726 (431 SE2d 726) (1993). Accordingly, neither the trial court's action in conducting an evidentiary hearing on Hood's amended motion for new trial nor in entering the order denying Hood's amended motion for new trial was a nullity.[2]

---

[2] The trial court clerk's office did not send the appellate record to the Court of Appeals pursuant to the notice of appeal filed March 5, 2004. Rather, the record reached the appellate court in March 2005 pursuant to the timely notice of appeal filed after the trial court held a hearing on Hood's contention of ineffective assistance of trial counsel and denied Hood's amended motion for new trial on December 20, 2004. In June 2005, the Court of Appeals remanded the case to the trial court to look into purported omissions from the transcript of the hearing on the motion for new trial. The trial court conducted a hearing on the topic and, on December 9, 2005, filed an order supplementing the appellate record previously sent to the

Inasmuch as Hood's motion for new trial was timely filed and he raised the issue of ineffective assistance of trial counsel at the earliest practicable moment, the Court of Appeals erred when it determined it could not consider that portion of Hood's appeal in which he took issue with the trial court's finding that trial counsel was not ineffective. Accordingly, we vacate Division 1 of the opinion of the Court of Appeals and remand the case to that court for further proceedings not inconsistent with this opinion.

*Judgment vacated in part and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Brian Steel*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, W. Cliff Howard, Assistant District Attorney*, for appellee.

---

Court of Appeals. A notice of appeal filed December 19, 2005, resulted in the docketing of the present appeal in the Court of Appeals.