# Court of Appeals
# of the State of Georgia

ATLANTA,___May 05, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A1104.  LEONARD ATKINS v. THE STATE.**

Leonard Atkins has filed a pro se notice of appeal from the trial court's order denying his motion to correct his allegedly void sentence.

At the outset, we question the "filed" date stamped on Atkins's notice of appeal.  The trial court clerk's endorsement as to the date of filing is presumed to be correct, but this presumption is rebuttable.  See *Brinson v. Georgia R. Bank & Trust Co.*, 45 Ga. App. 459, 461 (165 SE 321) (1932).  "The actual date of filing is the date upon which the paper is handed [or delivered] to the clerk to be filed." (Citation removed.) *Hood v. State,* 282 Ga. 462 (651 SE2d 88) (2007).

Here, the record suggests that, in a single mailing, Atkins submitted to the trial court both his notice of appeal and a notarized request to proceed in forma pauperis on appeal.  However, the two documents are stamped as filed on different dates: the request to proceed in forma pauperis is stamped-filed November 25, 2014, while the notice of appeal is not stamped-filed until January 7, 2015.[1]  Because the date of filing is the date the paper is delivered to clerk for filing, it seems that these documents should have been stamped as filed on the same date.

---

[1] The record suggests that Atkins's notice of appeal was not stamped-filed until the trial court approved his request to proceed in forma pauperis on appeal.  This practice conflicts with OCGA § 9-15-2 (a) (1), which provides that when a party is unable to pay any fee or cost which is normally required in the court, "if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs."

Nonetheless, regardless of whether his notice of appeal was timely, we lack jurisdiction to consider Atkins's appeal. In his appeal, he is challenging the trial court's rejection of his argument that his sentence is void because there was insufficient evidence as to venue. This argument is a challenge to his conviction, not his sentence. And it is well established that "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," and any appeal from an order denying such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
　　*Clerk's Office, Atlanta,*＿＿＿05/05/2015＿＿＿
　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ , *Clerk.*