## S16A1352. ALEXANDER v. GIBSON.
### (794 SE2d 597)

MELTON, Justice.

This case arises out of the refusal of Richard Alexander, in his capacity as the Clerk for the State Court of Gwinnett County, to file a motion to compel discovery under a particular case number requested by the filing party, Thomas Gibson. The requested case number had previously been assigned to a case to which the motion to compel was directly related, and Gibson filed a petition for a writ of mandamus in an effort to force Alexander to file the motion to compel under this case number. The trial court granted the mandamus petition, and Alexander appeals from this ruling. Because we find that Alexander had a clear duty as the Clerk of the court to file the motion to compel under the requested case number without making an independent determination about whether a new case number should be assigned, we affirm.

By way of background, on May 8, 2014, Gibson filed a complaint in Gwinnett County State Court against Samuel Wright, and the case was assigned Case No. 14-C-020432-2. When Wright failed to answer, a default judgment was entered against him on December 2, 2014. Gibson served post-judgment interrogatories on Wright on January 13, 2015, but again, Wright failed to respond. Gibson then prepared a motion to compel discovery, using Case No. 14-C-020432-2, which he presented for filing in Gwinnett County State Court on July 17, 2015. However, a representative of the Clerk's office indicated to Gibson that the motion to compel would have to be filed under a new case number, 15-C-03773-2, because the motion was being filed more than thirty days after the default judgment had been entered against Wright. Despite Gibson's repeated efforts to file the motion to compel under Case No. 14-C-020432-2, he was forced to proceed under Case No. 15-C-03773-2.

"Mandamus will issue against a public official only where the petitioner has demonstrated a clear legal right to relief or a gross abuse of discretion." *Gwinnett County v. Ehler Enterprises*, 270 Ga. 570 (1) (512 SE2d 239) (1999).

> The duty which a mandamus complainant seeks to have enforced must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act be done, but must require its performance.

(Punctuation and footnote omitted.) *Gilmer County v. City of East Ellijay*, 272 Ga. 774, 776 (1) (533 SE2d 715) (2000).

In this regard, state court clerks have the legal duty "to file pleadings, not to ascertain their legal effect." (Citation omitted.) *Ford v. Hanna*, 292 Ga. 500, 501 n. 2 (739 SE2d 309) (2013). These "duties of the clerk relating to the filing of pleadings are ministerial in nature" and do not involve the exercise of discretion. *Hood v. State*, 282 Ga. 462, 464 (651 SE2d 88) (2007). Here, instead of simply executing his ministerial duty of filing the motion to compel discovery under the case number of the matter to which the motion was related, Alexander and members of his office apparently made the decision to assign the motion a new case number based on the office's interpretation of OCGA § 15-6-77 (e) (1). That statute states in relevant part with respect to "[c]osts in civil cases . . . [that] [a]ny postjudgment proceeding filed more than 30 days after judgment or dismissal in an action shall be considered as a new case *for the purposes of this Code section.*" (Emphasis supplied.) In other words, "postjudgment proceedings filed more than 30 days after judgment . . . shall be considered a new case *for purposes of calculating the costs the*

*superior court clerk is entitled to charge and collect.*" (Emphasis supplied.) *McFarland & Assocs., P.C. v. Hewatt,* 242 Ga. App. 454 (529 SE2d 902) (2000).

Notably, OCGA § 15-6-77 (e) (1) does not deal with the assignment of case numbers, but the calculation of costs for postjudgment motions filed more than thirty days after a judgment is entered. See id. Indeed, Alexander has cited to no authority to show that he was legally required to file Gibson's motion to compel under a new case number. What Alexander *was* legally required to do, however, was file the motion to compel upon collecting appropriate costs as calculated per OCGA § 15-6-77 (e) (1), but without attempting to determine whether the document should legally be filed under the previously assigned case number of Gibson's original complaint. The propriety of the filing should be considered, if at all, by the court upon motion by the parties or on its own motion, and not by the Clerk.[1]

Because Gibson had a clear legal right to compel Alexander to fulfill his ministerial duty of filing Gibson's motion to compel discovery under Case No. 14-C-020432-2 here, we uphold the trial court's decision to grant Gibson's petition for a writ of mandamus.

*Judgment affirmed. All the Justices concur, except Thompson, C. J., and Hines, P. J., who dissent.*

HINES, Presiding Justice, dissenting.

This appeal requires us to consider, in the context of Gibson's petition for writ of mandamus, the important issue of how case numbers are assigned in civil actions to pleadings and motions presented for filing in our state and superior courts. The majority opinion concludes, without any discussion of the relevant legal authority, that clerks have a legal duty to file any motion presented, not in accordance with the case numbering system established under Georgia law and the Uniform Superior Court Rules, but at the will of the individual presenting the motion. Because this holding is contrary to Georgia law, I respectfully dissent.

As acknowledged in the majority opinion, mandamus is an extraordinary remedy available "only where the petitioner has demonstrated a clear legal right to relief or a gross abuse of discretion." *Gwinnett County v. Ehler Enterprises,* 270 Ga. 570 (1) (512 SE2d 239)

---

[1] The dissent's citation to *Brown v. King,* 266 Ga. 890 (472 SE2d 65) (1996) and Uniform Superior Court Rule ("USCR") 39.2 for the proposition that the Clerk was authorized to assign a new case number to the motion to compel discovery here is inapposite. *Brown* specifically deals with contempt actions to enforce court-ordered child support payments, which are "*independent* proceeding[s] that [are] ancillary to the divorce action" and may be assigned a new case number under USCR 39.2. Id. at 891 (1), (2). The instant case does not involve a contempt action.

(1999). The duty sought to be enforced through mandamus " 'must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act be done, but must require its performance.' [Cits.]" *Gilmer County v. City of East Ellijay*, 272 Ga. 774, 776 (1) (533 SE2d 715) (2000). The burden of proof, therefore, remains at all times on the party seeking the writ.

"The determination of whether official action is required depends on the law governing the subject matter in question." *Bibb County v. Monroe County*, 294 Ga. 730, 735 (2) (b) (755 SE2d 760) (2014). Here, in granting mandamus relief, the trial court determined the governing law was OCGA § 9-11-69 (2), a statute authorizing a party to file motions to compel in aid of execution. This statute, however, does not address the legal duties imposed upon court clerks in filing motions or keeping a court's civil case management system. While it may, by necessary implication, impose upon clerks a duty to *accept* an authorized motion for filing, see OCGA § 15-6-61 (a) (2), it does not impose upon clerks a clear legal duty to file a pleading *in any particular manner*.[2] The authorities cited by Gibson and relied upon by the trial court thus did not impose upon Alexander a clear legal duty to file the motion under Gibson's preferred case number.[3]

In fact, the relevant authority in this case is that legal authority establishing the duties and responsibilities of our superior and state court clerks with regard to the filing of motions and the management of their courts' civil cases. These statutory duties, set out by our legislature in OCGA § 15-6-61, specifically require clerks to keep an "automated civil case management system" and direct that this case

---

[2] Perhaps this is the reason the majority opinion does not discuss any of the trial court's conclusions regarding whether Gibson satisfied his burden of proof in this case and instead, focuses on Alexander's failure to cite authority showing "that he was legally required to file Gibson's motion to compel under a new case number." (Maj. op. p. 396.)

[3] I would for the same reason reject Gibson's argument that Alexander was legally required to file the motion under the original case number because Gibson perfected service upon the defendant in that case and already had established personal jurisdiction over him. The establishment of personal jurisdiction over a defendant does not correlate with a duty on the part of a court clerk to file a motion in a particular manner. Moreover, this ground of the trial court's ruling and its concern that assignment of a new case number would have required issuance of a new summons and personal service of the motion are based on the incorrect assumption that new case numbers are assigned only upon commencement of a new civil action. See OCGA § 15-6-61 (a) (4) (A). See also OCGA § 9-11-3 (a) (providing that "[a] civil action is commenced by filing a complaint with the court"); OCGA § 9-11-7 (a), (b) (defining pleadings as a complaint, answer, third-party complaint, and third-party answer); *Brown v. King*, 266 Ga. 890, 891 (1), (2) (472 SE2d 65) (1996) (holding that contempt motions filed after a final judgment was entered were not new civil actions but could be assigned a new case number as an administrative matter); *Opatut v. Guest Pond Club, Inc.*, 254 Ga. 258 (1) (327 SE2d 487) (1985) (holding that a motion for contempt is not a complaint, does not come within the Civil Practice Act's definition of a pleading, and does not, by itself, commence a civil action for damages).

numbering system "shall contain separate case number entries for all civil actions filed in the office of the clerk, including complaints, proceedings, Uniform Interstate Family Support Act actions, domestic relations, contempt actions, motions and modifications on closed civil actions, and all other actions civil in nature except adoptions[.]" OCGA § 15-6-61 (a) (4) (A). See also OCGA §§ 15-7-41 and 15-7-43 (c) (providing that files required by law to be kept for superior courts shall also be kept for state courts and that the general laws and rules applicable to the execution and enforcement of judgments in the superior courts are applicable in state courts). Clerks, therefore, are statutorily required to assign a separate case number to any motion filed in a closed civil action even though it may be related to a matter that already has a case number assigned to it.

At the same time, Uniform Superior Court Rule ("USCR") 39.2 provides that a court's civil docket "shall contain separate case number entries for all civil actions filed in the office of the clerk including: complaints, motions, URESA's, domestic relations, contempt actions, modifications on closed civil actions, and all other actions civil in nature, except adoptions." This Court, in turn, has recognized that USCR 39.2 deals with "administrative matters related to filings in the clerk's office" and vests in clerks the authority "to assign separate case numbers" to motions filed after entry of a final judgment. See *Brown v. King*, 266 Ga. 890, 891 (472 SE2d 65) (1996) (recognizing authority of clerk to assign separate case number in contempt action filed after entry of final divorce decree).

The collective authority of OCGA § 15-6-61 (a) (4) (A), USCR 39.2, and *Brown* clearly authorized Alexander to assign a separate case number to Gibson's motion to compel which was filed more than six months after entry of the final judgment in the original action and entry of a final disposition form.[4] For this reason, I would hold that Gibson was not entitled to the relief he sought in his petition for mandamus and reverse the trial court's order.

Giving no consideration to this authority, the majority concludes Alexander was required to file Gibson's motion "without making an independent determination about whether a new case number should be assigned" because the "duties of the clerk relating to the filing of

---

[4] The majority argues *Brown* is inapposite because it dealt with a postjudgment motion for contempt, yet it offers no explanation for the distinction between a postjudgment motion for contempt and a postjudgment motion to compel. Both motions are filed after entry of the final judgment and both are clearly related to enforcement of the final judgment. In any event, regardless of the applicability of *Brown* to the facts of this case, OCGA § 15-6-61 (a) (4) (A) and USCR 39.2 clearly direct clerks to assign separate case numbers to all motions, not just motions for contempt, filed in closed civil actions.

pleadings are ministerial in nature" and "do not involve the exercise of discretion." (Maj. op. p. 395.) This holding does not withstand scrutiny for several reasons. First, it strips clerks of the authority vested in them by OCGA § 15-6-61 (a) (4) (A) and USCR 39.2 as recognized in *Brown* to assign case numbers generally, and more specifically, to assign separate case numbers to ancillary proceedings filed after entry of a final judgment. Second, it relies entirely on our recognition in *Hood v. State*, 282 Ga. 462, 464 (651 SE2d 88) (2007), that clerks have a duty to file pleadings. While I agree with *Hood*'s conclusion that clerks have a duty to file a motion, we did not in that case address, either directly or indirectly, the issues of how motions are filed or a clerk's authority to assign separate case numbers to postjudgment motions. *Hood*, therefore, does not stand for the proposition that clerks have a legal duty to file a motion in the manner preferred by the person presenting it. Finally, contrary to the implication in the majority opinion, Alexander's decision to assign a new case number to Gibson's postjudgment motion did not involve the inappropriate exercise of discretion. It simply reflected his application of statutory and rule-based directives related to the filing of motions in civil cases in fulfilment of his duties as the clerk of court. The majority opinion, by holding that clerks have no authority to consider case numbers when motions are presented for filing, renders these directives nugatory.

In light of the clear authority requiring clerks to maintain a civil case management system and directing them to assign new case numbers to certain postjudgment ancillary proceedings, including postjudgment motions to compel, I would reverse the trial court's order which grants mandamus relief to Gibson and directs Alexander to file Gibson's motion in a contrary manner.

I am authorized to state that Chief Justice Thompson joins in this dissent.

DECIDED NOVEMBER 30, 2016 —
RECONSIDERATION DENIED DECEMBER 8, 2016.

*Freeman, Mathis & Gary, Wes C. Jackson, E. Charles Reed, Jr.,* for appellant.

*Donald M. Dotson,* for appellee.