# Court of Appeals
# of the State of Georgia

ATLANTA,  December 06, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1481.  TIMOTHY WOODARD v. TRACEY HERRINGTON.**

Timothy Woodard has filed an original mandamus petition in this Court.[1] Although the procedural posture of this case is not entirely clear, it appears that Woodard is currently incarcerated at the Jenkins Correctional Center and is now seeking relief against the Clerk of the Superior Court of Jenkins County, who Woodard has named as the defendant in his petition. As an initial matter, it is not entirely clear what relief Woodard seeks against the clerk, in that his mandamus petition and brief filed in support thereof allege different failures on the part of the clerk; further, Woodard has listed only the address of the District Attorney in his certificate of service attached to his petition,[2] and there is nothing to indicate that his original mandamus petition has been served on the clerk of the superior court as the named defendant.

Even setting aside these procedural failings, Woodard's petition is subject to dismissal. While the Georgia Constitution of 1983 gives the Supreme Court of Georgia and this Court original mandamus jurisdiction, Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, the need to resort to the appellate courts for such relief is "extremely rare" because "the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Thus, except in rare

---

[1] Woodard has filed several other original mandamus petitions in this Court, which have either been dismissed or withdrawn. See Case Nos. A22A0605, A22A0675, A22A1126 and A22A1468.

[2] It does not appear that Woodard has served his brief on anyone, in violation of this Court's Rules. See Court of Appeals Rule 6 (b) (2).

instances, litigants should first petition the superior court for mandamus relief. See Id.; see also *Byrd v. Robinson*, 349 Ga. App. 19, 20 (825 SE2d 424) (2019); *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013); *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984).

Although Woodard suggests that he attempted to file a mandamus petition in the Jenkins County Superior Court but the clerk never filed it,[3] he also suggests that he simply did not receive notification of the filing, and his requested relief is to receive stamped filed copies and docketing notices, and for his filings to be docketed under the appropriate case numbers. Accordingly, this matter does not qualify as one of the extremely rare cases when this Court should exercise original mandamus jurisdiction,[4] and Woodard should instead pursue relief in the appropriate superior court. Until Woodard does so and obtains a ruling from the superior court, there is no basis for this Court to exercise jurisdiction. See *Brown*, 251 Ga. at 436-437. Accordingly, this petition for writ of mandamus is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___12/06/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.

---

[3] With rare exception, court clerks have a duty to file pleadings and a mandamus may issue to compel performance of that duty. See *Alexander v. Gibson*, 300 Ga. 394, 395-396 (794 SE2d 597) (2016); OCGA § 9-6-22.

[4] We note that the power given to the appellate courts to issue process in the nature of mandamus is merely enabling, not mandatory. *Bordeaux v. Hise*, 355 Ga. App. 688, 690 (845 SE2d 408) (2020).