# Court of Appeals
# of the State of Georgia

ATLANTA, January 18, 2023

*The Court of Appeals hereby passes the following order:*

## A23E0025. IN THE INTEREST OF J. L. O., et al.

As more fully detailed in the attached opinion, the Fifth Division of the Georgia Court of Appeals hereby **DISMISSES** this emergency motion.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 01/18/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____, *Clerk.*

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 18, 2023

# In the Court of Appeals of Georgia

A23E0025 IN THE INTEREST OF J. L. O., et al.

McFADDEN, Presiding Judge.

This is a termination-of-parental-rights case. The father has filed an emergency motion requesting a 60-day extension of time in which to file an application for discretionary appeal. See Court of Appeals Rule 40 (b) (providing for emergency motions); Court of Appeals Rule 16 (c) (providing for such extensions and directing that they be requested under Rule 40 (b)). We must dismiss the request because we are without jurisdiction to review the termination order.

Our jurisdiction can be invoked only through a timely notice of appeal or application to appeal. See *State v. Wheeler*, 310 Ga. 72, 76-77 (3) (849 SE2d 401) (2020). So "[r]equests for extensions of time to file discretionary applications . . . must be made prior to the expiration of the period for filing as originally prescribed."

Court of Appeals Rule 16 (c). "[A] discretionary application seeking appellate review of an order terminating parental rights must be filed with the clerk of the appellate court within 30 days of entry of the termination order. OCGA § 5-6-35 (d)." *In the Interest of B. R. F.*, 299 Ga. 294, 296 (788 SE2d 416) (2016). Here, the termination order was entered on September 9, 2022. On December 21, 2022, the juvenile court entered an order granting the father's "motion to allow for out-of-time application for discretionary review." But the juvenile court erred in granting that motion because *B. R. F.* does not authorize them in cases like this one.

Moreover — and we are resolving this motion in a published opinion in order to warn the bench and bar of this — while *B. R. F.* has not been expressly overruled, its continuing validity is more than questionable.

In *B. R. F.*, 299 Ga. at 294, our Supreme Court held that in a termination case, federal constitutional due process can entitle a parent whose right to counsel has been denied the remedy of out-of-time appellate review. Id. at 298-299. Whether a parent is entitled to relief under that case law was held to be a decision for the juvenile court in the first instance. Id.

That opinion requires the juvenile court to determine whether the parent is constitutionally entitled to counsel on appeal. *B. R. F.*, 299 Ga. at 298. If the answer

2

to that first question is yes, then the juvenile court is to determine whether the parent received effective assistance of counsel. Id. If the answer to that second question is no, then the juvenile court is to answer a third question, "whether [the parent] is entitled to file an out-of-time application for discretionary review as a remedy." Id.

Here, although the juvenile court granted the father's motion to allow the filing of an out-of-time application for discretionary review, the court made no findings on the issue of whether the father received effective assistance of counsel. The materials filed with the emergency motion show that the attorney who represented the father at the trial proceedings also represents him in these appellate proceedings. "[A] lawyer may not ethically present a claim that he/she provided a client with ineffective assistance of counsel. . . ." *Hood v. State*, 282 Ga. 462, 463 (651 SE2d 88) (2007). So we conclude that the juvenile court could not grant the motion to file an out-of-time application on the only basis on which such a motion possibly could be granted, the ineffective assistance of counsel. Consequently we are without authority to consider an application in this case on the merits, and so we are without authority to grant an extension of time to file such an application and must dismiss this motion.

Moreover, as noted above, we question the continuing viability of the out-of-time application remedy that was recognized in *B. R. F.*, 299 Ga. at 294. Our Supreme

3

Court has now eliminated the "judicially creat[ed]" out-of-time appeal procedure, which had been created as a remedy when counsel's deficiency resulted in the denial of a criminal defendant's right to appeal. *Cook v. State*, 313 Ga. 471, 478-479 (2) (a) (870 SE2d 758) (2022).The *Cook* Court held that procedure was "neither authorized by our common law nor established by statute. . . ." *Cook*, 313 Ga. at 479 (2) (a) (footnote omitted).

The same can be said of the remedy created in *B. R. F.*, 299 Ga. at 294, although that remedy was not addressed in *Cook.* But like the remedy eliminated in *Cook,* it is not authorized by common law or established by statute. On the other hand, our Supreme Court has not yet revisited *B. R. F.*, 299 Ga. at 294. And *Cook* addressed the out-of-time appellate review procedure in criminal cases, not in termination-of-parental rights cases.

We need not decide today whether we remain bound to follow *B. R. F.* or are now bound under *Cook* to disregard *B. R. F.* See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents.").

We hold today that because the juvenile court's grant of the right to out-of-time appellate review did not comport with the very limited circumstances recognized in

*B. R. F.*, 299 Ga. at 294, the grant was not effective to extend the time in which the father could file his application for discretionary review. And because the 30-day period for filing such an application from the September 9, 2022, order terminating his parental rights has long passed, any application the father might file would be untimely. See OCGA §§ 5-6-35 (a) (12), (d). For these reasons, the father's emergency motion is hereby dismissed.

*Emergency motion dismissed. Brown and Markle, JJ., concur.*