# Court of Appeals
# of the State of Georgia

ATLANTA,  September 06, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1766. KILA MCDONALD v. DENNY REYES et al.

Kila McDonald is the biological mother of minor children W. B. M. and B. Q. M. Following McDonald's November 2018 arrest, she requested that her former stepfather, Denny Reyes, be given temporary custody of the children. Approximately one year after the juvenile court granted him temporary custody, Reyes filed a petition in superior court under the equitable caregiver statute, OCGA § 19-7-3.1, seeking permanent custody of the children. The superior court granted that petition, and on appeal, this Court reversed. *McDonald v. Reyes*, 365 Ga. App. 317 (878 SE2d 79) (2022) (*McDonald I*). Specifically, we found that because a DFACS case remained open with respect to McDonald and the children, an action under the equitable caregiver statute was unavailable. 365 Ga. App. at 319 (2).

Sometime following this Court's decision in *McDonald I*, Reyes and his wife, Charlisa Reyes, filed a petition seeking to terminate McDonald's parental rights; to terminate the rights of B. Q. M.'s purported biological father; and to adopt the children.[1] The trial court granted that petition and entered an order terminating McDonald's rights to both children and granting the adoption of W. B. M. and B. Q. M. by the Reyes. We granted McDonald's application for a discretionary appeal, Case No. A23D0304 (May 1, 2023), and McDonald then filed this appeal. We, however, lack jurisdiction.

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App.

---

[1] The biological father of W. B. M. is deceased.

731, 739 (734 SE2d 560) (2012) (punctuation omitted). And in cases involving discretionary review, an applicant must file a notice of appeal "[w]ithin 10 days after an order is issued granting the appeal . . . to secure a review of the issues[.]" OCGA § 5-6-35 (g). Our May 1 order granting McDonald's application informed her of this requirement and directed her to file her notice of appeal within ten days. McDonald, however, did not file her notice of appeal until May 12, 2023, 11 days after the order granting her application was issued.

In reaching this conclusion, we recognize that McDonnell signed her notice of appeal on May 11, 2023. She did not, however, file the notice with the clerk of court on that day. Instead, McDonnell certified that on May 11 she served the Wade County Superior Court with her notice of appeal via United States mail, with first class postage prepaid. This mailing was insufficient to satisfy the requirement that the notice of appeal be *filed* within ten days of the grant of McDonnell's application for discretionary appeal. See *Hood v. State*, 282 Ga. 462, 464 (651 SE2d 88) ("The actual date of filing is the date upon which the paper is handed to the clerk to be filed.") (punctuation omitted); *Price v. Dozier*, 348 Ga. App. 283, 283 (821 SE2d 566) (2018) (notice of appeal was untimely where it was sent via overnight delivery service on the tenth day following the grant of a discretionary application). Because McDonald's notice of appeal was untimely, we lack jurisdiction over this appeal, which is hereby DISMISSED. *Price*, 348 Ga. App. at 283.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__09/06/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, *Clerk.*