**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN, P. J., and PADGETT, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 22, 2026

# In the Court of Appeals of Georgia

A26A0825, A26A0826. IN THE INTEREST OF E. A. V., a child.

MCFADDEN, Presiding Judge.

After the juvenile court found her to be a dependent child, the court awarded a permanent guardianship for then-13-year-old E. A. v. Her mother filed a motion for new trial and then an emergency petition to vacate the guardianship. The mother appeals from the orders denying the motion and the petition.

The mother argues that she had the right to effective assistance of counsel and that the juvenile court erred by denying her request for the appointment of new counsel to raise claims of the ineffective assistance of the attorney who represented her in the guardianship proceedings. (We will refer to that attorney as "guardianship counsel" and the attorney who is now representing her in this appeal as "appellate

counsel.") She also argues that guardianship counsel was ineffective for failing to adduce evidence about the appointed guardian. She seeks a remand to develop the record on this issue.

We hold that the mother's statutory right to counsel is the right to the effective assistance of counsel. But because the mother is now represented by new counsel, her enumeration challenging the juvenile court's failure to appoint new counsel may be moot. And the claim of ineffective assistance should be addressed by the juvenile court in the first instance. So we vacate the juvenile court's orders and remand these cases to the juvenile court for proceedings not inconsistent with this opinion.

1. *Background*

In 2022, E. A. V. was adjudicated to be dependent. In 2024, the Bartow County Department of Family and Children Services filed a separate case with a complaint and a petition for permanent guardianship of E. A. v. Eventually the juvenile court granted the petition and appointed a permanent guardian. The mother filed a timely motion for new trial, raising three claims: the general grounds; that material evidence may have been illegally admitted or illegally withheld; and that material evidence may have been newly discovered.

The juvenile court conducted a hearing on the motion for new trial. ) At the beginning of the hearing, the mother's appointed attorney stated that she should withdraw so that the mother could raise claims of ineffective assistance of counsel. The attorney asked the juvenile court to appoint the mother new counsel to raise such claims since the attorney could not raise them against herself. The trial court reserved ruling on the issue of whether the mother was entitled to new appointed counsel to explore the possibility of an ineffectiveness claim, and then the parties addressed the grounds the mother had raised in her written motion for new trial.

In the written order denying the motion for new trial, the juvenile court denied the request for appointment of new counsel. The mother filed an appeal from the order, and that appeal was docketed in this court as Case No. A26A0825.

The same day that the mother filed her notice of appeal in Case No. A26A0825, she filed an emergency petition in the juvenile court to vacate the guardianship. The juvenile court denied the petition. The mother filed an appeal from that order, and that appeal was docketed in this court as Case No. A26A0826.

2. *New counsel*

The mother argues that the juvenile court erred by refusing to appoint independent counsel who could pursue claims of the ineffectiveness of guardianship counsel. We hold that the mother's right to counsel is the right to effective counsel. But we do not reach her argument that she was entitled to the appointment of new counsel to pursue her claims.

A child and the parties have the right to an attorney at all stages of proceedings under the Article establishing dependency proceedings. OCGA § 15-11-103(a). And a party other than a child may "[o]btain a court appointed attorney if the court determines that such party is an indigent person[.]" OCGA § 15-11-103(g)(2). Those provisions apply to the kind of guardianship at issue here, which was imposed pursuant to OCGA §§ 15-11-240 through 15-11-244, a series of statutes that are found within the Article establishing dependency proceedings.

The mother's claim that she is entitled to new counsel to pursue her claims of ineffective assistance of counsel is cognizable only if the mother had the right to effective assistance of counsel in the first place. So the mother begins by arguing that the statutory right to counsel in dependency proceedings, including those involving the appointment of a permanent guardian, is the right to effective counsel. We agree.

In *In the Interest of A. H. P.*, 232 Ga. App. 330, 333-35(2) (500 SE2d 418) (1998), we held that the right to counsel in termination proceedings is the right to effective counsel. Then, in *In the Interest of M. E.*, 265 Ga. App. 412, 419(3) (593 SE2d 924) (2004), we relied on *In the Interest of A. H. P.* and concluded that the right to counsel in deprivation proceedings (the predecessor to dependency proceedings) is the right to effective representation.[1] See also *Kenny A. v. Perdue*, 356 FSupp2d 1353, 1361-62(IV) (N.D. Ga. 2005) (holding in foster children's class action alleging that counties violated their constitutional and statutory rights by failing to provide adequate counsel in deprivation proceedings that "[t]he right to counsel, of course, means the right to *effective* counsel."). We adhere to our decision in *In the Interest of M. E.* and agree with the mother that the statutory right to counsel in dependency proceedings means the right to effective counsel. See *Evitts v. Lucey*, 469 US 387, 397 (II)(C) (1985) (the right to counsel "would be a futile gesture unless it comprehended the right to the effective assistance of counsel"); *In re Adoption/Guardianship of*

---

[1] "[T]he current Juvenile Code, which applies in this case, uses the word dependent in lieu of deprived[,]" and "our previous decisions addressing the deprivation of a child are relevant to appeals involving the dependency of a child." *In the Interest of K. R.*, 367 Ga. App. 668, 670 n.7 (888 SE2d 204) (2023) (citation modified).

*Chaden M.*, 189 Md. App. 411 (2009) (statutory right to counsel in guardianship proceeding includes the right to effective assistance of counsel).

The question, then, is what is the "corresponding remedy if counsel is ineffective." *In the Interest of B. R. F.*, 299 Ga. 294, 300 n.15 (788 SE2d 416) (2016). The mother argues that she is entitled to newly appointed counsel to pursue claims of ineffective assistance of guardianship counsel, because guardianship counsel could "not ethically present a claim that ... she provided [the mother] with ineffective assistance of counsel. ..." *Hood v. State*, 282 Ga. 462, 463 (651 SE2d 88) (2007). See also *In the Interest of J. L. O.*, 366 Ga. App. 452, 453 (883 SE2d 386) (2023) (holding, in termination-of-parental-rights case, that "[a] lawyer may not ethically present a claim that he/she provided a client with ineffective assistance of counsel" (punctuation omitted)).

But the mother is now represented by different counsel. The record contains nothing to indicate whether the juvenile court allowed guardianship counsel to withdraw. It contains nothing to explain why the mother is represented by a different attorney on appeal. So the issue of the mother's entitlement to new counsel may be moot.

"No ... consideration of any enumerated error [shall] be refused, except ... [w]here the questions presented have become moot." OCGA § 5-6-48(b)(3). If the mother's new attorney can pursue the claim of ineffective assistance of guardianship counsel, then the question of whether the mother was entitled to newly appointed counsel to pursue that claim is moot. See *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986) ("A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights."). "[M]ootness is an issue of jurisdiction and thus must be determined before a court addresses the merits of a claim." *Shelley v. Town of Tyrone*, 302 Ga. 297, 308(3) (806 SE2d 535) (2017).

But from the record before us, we cannot determine whether the mother has new counsel who can pursue any claims of ineffective assistance of guardianship counsel. So we vacate the orders from which the mother appeals and remand for further proceedings not inconsistent with this opinion, which may include adjudicating the mother's ineffectiveness claim. See *In the Interest of A. L. E.*, 248 Ga. App. 213, 219(3) (546 SE2d 319) (2001) (remanding termination-of-parental-rights case to juvenile court for hearing on claim of ineffective assistance of counsel because appellate counsel was appointed after trial counsel filed notice of appeal and so claim

was raised at the earliest practicable moment). Cf. *In the Interest of M. E.*, 265 Ga. App. at 418(3) (declining to remand appeal in deprivation proceeding because mother's ineffectiveness claim could be decided as a matter of law on the record).

*Judgments vacated and cases remanded. Rickman, P.J. and Padgett, J., concur.*